IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCHERDX, LLC and THE GENERAL HOSPITAL CORPORATION d/b/a MASSACHUSETTS GENERAL HOSPITAL, <br><br> Plaintiffs, <br><br> v. <br><br> QIAGEN SCIENCES, LLC, QIAGEN LLC f/k/a QIAGEN, INC., QIAGEN BEVERLY, LLC f/k/a QIAGEN BEVERLY, INC., QIAGEN GAITHERSBURG, LLC f/k/a QIAGEN GAITHERSBURG, INC., QIAGEN GMBH, QIAGEN N.V. and JONATHAN ARNOLD, <br><br> Defendants. | C.A. No. 18-1019-MN <br><br> **PUBLIC VERSION** |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT ON COUNTS III, VII, VIII, IX, AND X**

OF COUNSEL:

David Bilsker
Andrew Naravage
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600

Anne Toker
James E. Baker
Anastasia M. Fernands
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Jeffrey C. Wu
QUINN EMANUEL URQUHART & SULLIVAN LLP
60 E South Temple, Suite 500
Salt Lake City, UT 84111
Tel: (801) 515 7300

Dated: March 1, 2021
7072522 / 45349
PUBLIC VERSION Dated: March 8, 2021

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants Qiagen Sciences, LLC, Qiagen LLC f/k/a Qiagen, Inc., Qiagen Beverly LLC, f/k/a Qiagen Beverly, Inc., Qiagen Gaithersburg LLC, f/k/a Qiagen Gaithersburg, Inc., Qiagen GmbH, Qiagen N.V. and Jonathan Arnold*

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. SUMMARY OF ARGUMENT ......................................................................................... 1

III. NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 2

IV. STATEMENT OF FACTS AND ARGUMENT ............................................................... 2

    A. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT III - FALSE ADVERTISING UNDER THE LANHAM ACT .............................. 2

    B. ARCHER HAS NO EVIDENCE TO SUPPORT COUNT IX ............................... 3

    C. ARCHER HAS NO EVIDENCE TO SUPPORT COUNT X ................................ 4

    D. DEFENDANTS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT OF NO DAMAGES ON COUNTS III, VII, VIII, IX AND X ..................................... 5

V. CONCLUSION .................................................................................................................. 8

## TABLE OF CONTENTS

**Page**

**Cases**

*Accenture Global Services v. Guidewire Software, Inc.*,
  581 F. Supp. 2d 654 (D. Del. 2008) ................................................................................ 5

*Allen v. Howmedica Leibinger, Inc.*,
  197 F. Supp. 2d 101 (D. Del. 2002) ............................................................................ 2, 6

*Boyer v. Wilmington Materials, Inc.*,
  754 A.2d 881 (Del. Ch. 1999) ....................................................................................... 7

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ....................................................................................................... 2

*DeBonaventura v. Nationwide Mutual Insurance Co.*,
  428 A.2d 1151 (1981) ............................................................................................ 4, 5, 6

*In re: PMTS Liquidating Corp.*,
  526 B.R. 536 (D. Del. 2014) .......................................................................................... 8

*In re Mobileactive Media, LLC C.A. No. 5725-VCP*,
  2013 WL 297950 (Del. Ch. Jan. 25, 2013) ..................................................................... 7

*Shaeffer v. Califia Farms, LLC*,
  44 Cal. App.5th 1125 (2020) ..................................................................................... 4, 6

*Sparks v. Booth*,
  232 S.W.3d 853 (2007) ............................................................................................. 4, 6

*Triton Const. Co. v. E. Shore Elec. Servs., Inc.*,
  C.A. No. 3290-VCP, 2009 WL 1387115 (Del. Ch. May 18, 2009),
  *aff'd*, 988 A.2d 938 (Del. 2010) .................................................................................... 7

*U.S. Bank Assoc. v. Gunn*,
  23 F. Supp.3d 426 (D. Del. 2014) .................................................................................. 4

**Rules / Statutes**

6 Del. C. §§ 2532(a)(8) & (a)(12) ............................................................................................ 3

Fl. Stat. § 501.204(1) ............................................................................................................... 3

California Bus. & Prof. Code §§ 17500 .................................................................................. 3

Texas Bus. And Comm. Code Title 2, § 17.46(a) ................................................................... 3

I.  **INTRODUCTION**

  Defendants respectfully move this Court for summary judgment on each of Counts III, VII, VIII, IX, and X of the Amended Complaint (D.I. 130).  These counts concern alleged false advertising, deceptive trade practices under various state laws, tortious interference with prospective business relations, and breach of fiduciary duty.  After more than two years of litigation and the completion of fact and expert reports and discovery, Archer has not identified a single false or misleading advertising statement.  Further, Archer has no evidence that any of the alleged wrongful acts in connection with Counts III, VII, VIII, IX, and X have caused any damage to Archer or any benefit to QIAGEN.  Thus summary judgement or partial summary judgement is warranted.

II.  **SUMMARY OF ARGUMENT**

  1. Archer has no evidence of any false or misleading advertising statement by QIAGEN.  Summary judgment should be granted in QIAGEN's favor on Archer's claims under the Lanham Act and state deceptive trade practices acts.

  2. Archer has no evidence of any wrongful conduct to support is claim for intentional interference, and summary judgment should be granted in QIAGEN's favor.

  3. Archer's only calculation relating to alleged damages for Counts III, VII, VIII, IX, and X is a calculation of all QIAGEN profits on a range of QIAGEN products since 2015.  Archer has no evidence of any actual damages to Archer from the alleged wrongful conduct.  Archer likewise has no evidence of any relationship between QIAGEN's profits and any of the alleged wrongful conduct. Thus summary judgment of no damages should be granted on Counts III, VII, VIII, IX, and X.

### III. NATURE AND STAGE OF THE PROCEEDINGS

Archer commenced this litigation in July of 2018, alleging patent infringement and trade secret misappropriation, as well as false advertising under the Lanham Act (Count III), breach of fiduciary duty (Count VII), aiding and abetting breach of fiduciary duty (Count VIII), claims under state deceptive trade practices laws (Count IX), and tortious interference with prospective business relations (Count X). *See* D.I. 1. The Amended Complaint dated October 30, 2019, asserts the same Counts III, VII, VIII, IX, and X. D.I. 130. Fact and expert discovery are complete.

### IV. STATEMENT OF FACTS[1] AND ARGUMENT

#### A. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT III - FALSE ADVERTISING UNDER THE LANHAM ACT

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). Archer's Counts are precisely the type of unsupported claims that should be disposed of on summary judgment because Archer has failed to make a sufficient showing of essential elements of its claims. *Id.*

Count III alleges false advertising under section 43(a) of the Lanham Act. A plaintiff asserting a claim under section 43(a) must show that "(1) defendant made false or misleading statements as to its product, or those of the plaintiff; (2) there was actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the deception was material in that it is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc." *Allen v. Howmedica Leibinger, Inc.*, 197 F.Supp.2d 101, 108 (D. Del. 2002).

---

[1] Defendants incorporate their Concise Statement of Facts filed concurrently herewith.

First, Archer has no admissible evidence that QIAGEN made false and misleading statements. Archer contends that misrepresentations were made by unnamed QIAGEN "representatives" to individuals at various entities, but has not listed any witness from any of those entities in its Initial Disclosures. Ex. 1 at 7-9; 13-14; Ex. 2.[2] Archer also has not identified any document containing any QIAGEN purportedly false or misleading statement or any actual false statement QIAGEN has made. Ex. 1 at 7-9; 13-14. Second, Archer has identified no evidence of either actual deception or any tendency to deceive. Ex. 1 at 7-9. Third, Archer has failed to present any evidence showing that the non-existent statements were likely to influence purchasing decisions. *Id.* Consequently, Count III should be dismissed because Archer has failed to present evidence necessary for three elements of the claim.

### B.   ARCHER HAS NO EVIDENCE TO SUPPORT COUNT IX

Count IX asserts claims for deceptive trade practices pursuant to Del. Civil Code Title 6, § 2532; Florida's Deceptive and Unfair Trade Practices Act §§ 501.201-.213; California Bus. & Prof. Code §§ 17500, 17500.5, 17505 and 17535; and Texas Bus. and Comm. Code Title 2, § 17.01 *et seq.* Regardless of which state law Archer relies on, each requires, at a minimum, false or misleading conduct by QIAGEN. *See, e.g.,* 6 Del. C. §§ 2532(a)(8) & (a)(12); Fl. Stat. § 501.204(1); California Bus. & Prof. Code §§ 17500; Texas Bus. And Comm. Code Title 2, § 17.46(a). As discussed above, Archer has no evidence of any false or misleading conduct by QIAGEN.

Plaintiffs' lack of admissible evidence of any false or misleading statement is fatal to all its Count IX claims. Moreover, to prevail on a claim under California's false advertising statute,

---

[2]   Exhibits are attached to the Declaration of Anastasia Fernands in Support of Defendants' Motion for Summary Judgment on Counts III, VII, VIII, IX, AND X, submitted herewith.

Case 1:18-cv-01019-MN Document 339 Filed 03/08/21 Page 7 of 12 PageID #: 13720

Archer must show that "members of the public are likely to be deceived . . . and must do so through the eyes of 'the reasonable consumer.'" *See Shaeffer v. Califia Farms, LLC*, 44 Cal. App.5th 1125, 1136 (2020). Archer has identified no such evidence. Ex. 1 at 7-9; 13-14. To recover under the Texas Deceptive Trade Practices Act, Archer must show "(1) [it] is a consumer; (2) the defendant engaged in a false, misleading, or deceptive at; and (3) the act constituted a producing cause of the plaintiff's damages." *Sparks v. Booth*, 232 S.W.3d 853, 864 (2007). Because Archer has not alleged it is a consumer, it does not state a claim under Texas law. Ex. 1 at 7-9; 13-14; DI 130 ¶¶ 152-158.

Because Archer has identified no admissible evidence to support the Count IX claims, and there is none, summary judgement is warranted.

### C. ARCHER HAS NO EVIDENCE TO SUPPORT COUNT X

Archer's Count X asserts a claim for common law tortious interference with prospective business relations against QIAGEN. The elements of a tortious interference claim are "(a) the reasonable probability of a business opportunity, (b) the intentional interference by defendant with that opportunity, (c) proximate causation, and (d) damages, all of which must be considered in light of a defendant's privilege to compete or protect his business interests in a fair and lawful manner." *DeBonaventura v. Nationwide Mutual Insurance Co.*, 428 A.2d 1151, 1154 (1981).

To meet the second element, the interference must be wrongful or improper and have interfered with a business opportunity. *See U.S. Bank Assoc. v. Gunn*, 23 F.Supp.3d 426, 436 (D. Del. 2014). Archer's contentions assert that the wrongful conduct was the same alleged false or misleading statements on which it relies for its false advertising and deceptive practices claims – claims for which it has no evidence, as discussed above. *See* Ex. 1 at 14-16. Further, Archer's interrogatory responses reveal that Archer alleges that ██████████████████████████████████████████████████████████████████████████

4

███████████████████████████████████" Ex. 1 at 16. But competition based on price is privileged action, and cannot establish the required wrongful or improper conduct of element 2. *See DeBonaventura* 428 A.2d at 1154 (claim for intentional interference "must be considered in light of a defendant's privilege to compete or protect his business interests in a fair and lawful manner"); *see also Accenture Global Services v. Guidewire Software, Inc.*, 581 F.Supp.2d 654, 665 (D. Del. 2008) (that a prospective customer "accepted a lower bid for equivalent products and services is not an indication of improper interference.")



Archer identifies ████████████████████████████████████ ████████████████████████████████ Rather, it claims only ███ ████████████████████████ Ex. 1 at 16. Considering that it did not lose a business opportunity, and that price competition is not wrongful or improper conduct, Archer cannot establish the elements of tortious interference for these sales either.

Because Archer cannot establish required elements of a common law tortious interference claim, summary judgement is warranted on Count IX.

### D. DEFENDANTS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT OF NO DAMAGES ON COUNTS III, VII, VIII, IX AND X

QIAGEN seeks partial summary judgment of no damages for any alleged false advertising (Count III), deceptive trade practices (Count IX), intentional interference (Count X), breach of fiduciary (Count VII), and aiding and abetting breach of fiduciary duty (Count VIII) pursuant to Fed. R. Civ. P. 56(a), (g).

Archer's damages expert did not opine as to "actual damages" arising from any of these claims. Ex. 7 at ¶ 217; Ex. 8 at 146:7-148:1. For all of these claims, along with Archer's trade secret misappropriation claims, he offers a single calculation of the total purported profit QIAGEN earned on all of the "Accused Products" for the period from 2016 through 2019. Ex. 7

5

at ¶ 227. The "Accused Products," are the products accused of patent infringement and bear no relationship to these non-patent counts. Ex. 7 at ¶¶ 54; 227. Archer has not attempted to or made any showing of how any purported wrongful act or violation of duty in connection with any of Counts III, VII, VIII, IX, and X in any way contributed to any QIAGEN profits on the "Accused Products." Ex. 7 at ¶ 227; *see also* Ex. 8 at 157:2-159:20. Archer's expert opines that "[t]hese profits represent the amounts that should be disgorged and awarded to Archer in the event QIAGEN is found to have been unjustly enriched." Ex. 7 at ¶ 227. He offers no other opinion or analysis that even attempts to establish that the profits QIAGEN obtained are related to the allegedly improper acts. *See* Ex. 7 at ¶¶ 216-227.

Claims for false advertising and deceptive practices require a connection between the alleged wrongful acts and a claim for damages. *See, e.g. Allen*, 197 F.Supp.2d at 108 (requiring "a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc."); *Sparks*, 232 S.W.3d at 864 (to recover under the Texas Deceptive Trade Practices Act, "plaintiff must show the defendant's action was a substantial factor in bringing about the plaintiff's injury, without which the injury would not have occurred"); *Shaeffer* 44 Cal. App.5th at 1137 (2020) (standing to sue under California unfair competition or false advertising law requires economic injury or damage caused by the unfair or deceptive practice). Archer has offered no evidence of any "actual damages" to Archer, and therefore cannot recover damages on its state deceptive trade practices claims requiring a showing of injury. *See* Ex. 7 at ¶ 217. Further, Archer has not identified any false or misleading statement, let alone any connection between any such statement and QIAGEN's profits from its sales of "Accused Products."

A claim for tortious interference with prospective business relations requires a showing of proximate causation and damages. *DeBonaventura* 428 A.2d at 1154. Archer's damages

6

expert's report includes a schedule listing ▬▬▬▬▬ of the QIAGEN "Accused Products." Ex. 7 at Schedule 7. Archer contends that QIAGEN interfered ▬▬▬▬▬ ▬▬▬▬▬ Ex. 1 at 14-16. Archer has no evidence of any causal relationship between QIAGEN's profits for the "Accused Products" and the alleged intentional interference with business relations.

A party seeking disgorgement based on a purported breach of fiduciary duty must establish a causal connection between the breach and the benefit realized. *See In re Mobileactive Media, LLC* C.A. No. 5725-VCP, 2013 WL 297950, at *23-24 (Del. Ch. Jan. 25, 2013)(quantifying the benefit to defendants realized by usurping corporate opportunities by allocating percentage of total revenue based on factual circumstances); *see also Boyer v. Wilmington Materials, Inc.*, 754 A.2d 881, 907 (Del. Ch. 1999) (declining to grant disgorgement of all profits because they were "neither a product of a breach of fiduciary duty nor representative of a profit earned at [the defendant]'s expense"); *Triton Const. Co. v. E. Shore Elec. Servs., Inc.*, C.A. No. 3290-VCP, 2009 WL 1387115, at *29 (Del. Ch. May 18, 2009), *aff'd*, 988 A.2d 938 (Del. 2010) (finding plaintiff would not have won contracts but for defendants' acts).

Archer has shown no a causal link between confidential information Mr. Arnold possessed as a member of the Archer board that he disclosed to QIAGEN and the profits QIAGEN made on the products that Archer accuses of infringing its patents. *See* Ex. 1 at 10-13; Ex. 5 at 7-9; Sims Report ¶¶ 216-227. Indeed, Archer has no evidence of any improper use of any of any Archer confidential information that Mr. Arnold possessed as a board member - ▬ ▬▬▬▬▬ ▬▬▬▬▬ Ex. 1 at 10-13; Ex. 5 at 7-

7

9; Ex. 6 at 253:17-254:13, Ex. 10. To the extent that Archer attempts to establish such a link between the identified financial information and QIAGEN's profits on its "Accused Products," those claims are far too speculative to survive a motion for summary judgement.

In the same vein, Archer has presented no evidence and its damages expert has presented no opinion that Mr. Arnold had any role in development in any of the Accused Products, or that any claimed role caused the profits QIAGEN made. Ex. 1 at 10-13; Ex. 7 at ¶¶ 216-227. As discussed in QIAGEN's motion of summary judgement on trade secret misappropriation, ███ ███████████████████████████████████████████ ███████████████████████████████████ *See* Defendants' Motion for Summary Judgment of No Trade Secret Misappropriation at 13-14. Mr. Arnold is a business person who had responsibilities for marketing and commercialization of QIAGEN's GeneReader device in 2016, and no responsibilities for product development. *See* Ex. 9 at 19:12-21:19. Archer cannot tie any such non-existent role to QIAGEN's profits for sales of all of the "Accused Products." .

A claim for aiding and abetting a breach of fiduciary duty requires "damages proximately caused by the breach." *See In re: PMTS Liquidating Corp.*, 526 B.R. 536, 546 (D. Del. 2014). Archer's damages expert offered no opinion as to any actual damages to Archer arising from this claim. Ex. 7 at ¶ 217; Ex. 8 at 146:7-148:1.

Partial summary judgment of no damages should be granted on Counts III, VII, VIII, IX and X.

## V. CONCLUSION

Defendants respectfully request that the Court grant this motion and grant summary judgment, or partial summary judgment, in Defendants' favor on of Counts III, VII, VIII, IX, and X of the Amended Complaint (D.I. 130).

8

<table>
<tr><td>

OF COUNSEL:

David Bilsker
Andrew Naravage
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600

Anne Toker
James E. Baker
Anastasia M. Fernands
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Jeffrey C. Wu
QUINN EMANUEL URQUHART & SULLIVAN LLP
60 E South Temple, Suite 500
Salt Lake City, UT 84111
Tel: (801) 515 7300

Dated: March 1, 2021
7072522 / 45349
PUBLIC VERSION
Dated: March 8, 2021

</td><td>

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ Stephanie E. O'Byrne*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Attorneys for Defendants Qiagen Sciences, LLC, Qiagen LLC f/k/a Qiagen, Inc., Qiagen Beverly LLC, f/k/a Qiagen Beverly, Inc., Qiagen Gaithersburg LLC, f/k/a Qiagen Gaithersburg, Inc., Qiagen GmbH, Qiagen N.V. and Jonathan Arnold*

</td></tr>
</table>

9