# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCHERDX, LLC and THE GENERAL HOSPITAL CORPORATION d/b/a MASSACHUSETTS GENERAL HOSPITAL,<br><br>      Plaintiffs,<br><br>   v.<br><br>QIAGEN SCIENCES, LLC, QIAGEN LLC f/k/a QIAGEN, INC., QIAGEN BEVERLY, LLC f/k/a QIAGEN BEVERLY, INC., QIAGEN GAITHERSBURG, LLC f/k/a QIAGEN GAITHERSBURG, INC., QIAGEN GMBH, QIAGEN N.V. and JONATHAN ARNOLD,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 18-1019-MN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' ALLEGED UNDISPUTED FACTS

OF COUNSEL:

QUINN EMANUEL URQUHART & SULLIVAN LLP
David Bilsker
Andrew Naravage
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600

Anne Toker
James E. Baker
Anastasia M. Fernands
51 Madison Ave., 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Jeffrey C. Wu
60 E South Temple, Suite 500
Salt Lake City, UT 84111
Tel: (801) 515 7300

Dated: March 29, 2021
7143520 / 45349

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants Qiagen Sciences, LLC, Qiagen LLC f/k/a Qiagen, Inc., Qiagen Beverly LLC, f/k/a Qiagen Beverly, Inc., Qiagen Gaithersburg LLC, f/k/a Qiagen Gaithersburg, Inc., Qiagen GmbH, Qiagen N.V. and Jonathan Arnold*

## I. RESPONSES TO PLAINTIFFS' CONCISE STATEMENT OF FACTS

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendants admit that this quotation appears in the Expert Report of Dr. Metzker, but dispute that this quotation represents the full scope of Dr. Metzker's opinions.

8. Defendants admit that this quotation appears in the Expert Report of Dr. Metzker, but dispute that this quotation represents the full scope of Dr. Metzker's opinions.

9. Defendants admit that this quotation appears in the Expert Report of Dr. Metzker, but dispute that this quotation represents the full scope of Dr. Metzker's opinions.

10. Defendants admit that this quotation appears in the Expert Report of Dr. Metzker, but dispute that this quotation represents the full scope of Dr. Metzker's opinions.

11. Defendants dispute that the statement in Paragraph 11 of Plaintiffs' statement of allegedly undisputed facts correctly characterizes Dr. Metzker's opinions. Contrary to the statement in Paragraph 11, Dr. Metzker states in his report and testified at his deposition that each of the Mu-seq primers has a different 3' end and therefore "does not anneal to the same sequence of the double stranded target nucleic acid as any other primer of the plurality of different primers." Ex. 20, Metzker Opening Rep. ¶¶ 388-90; Ex. 22, Metzker Dep. Tr. 86:5-87:17; 112:1-10; 114:21-115:2; 115:21-116:6; 117:9-118:15.

12.     Defendants' dispute that the primer list in Paragraph 12 of Plaintiffs' statement of allegedly undisputed facts demonstrates that any one of the Mu-seq primers binds to the same sequence of the double stranded target nucleic acid as any other Mu-seq primer.  Ex. 20, Metzker Opening Rep. ¶¶ 388-90; Ex. 22, Metzker Dep. Tr. 86:5-87:17; 112:1-10; 114:21-115:2; 115:21-116:6; 117:9-118:15.  McCarty states expressly that the Mu-seq primers specifically bind to their targets:  "We then designed the 23 base, 12-fold degenerate Mu-seq TIR primer to specifically target this active subset of TIR sequences."  Ex. 26 (McCarty) at 2.  McCarty further states:  "We show that the specificity, efficiency, and single-base precision of the Mu-seq method are reproducible and ideally suited for genome-wide mapping of new transposon insertions."  Ex. 26, McCarty at 1.

13.     Defendants dispute Plaintiffs' characterization of Dr. Metzker's statement in Paragraph 13 of Plaintiffs' statement of allegedly undisputed facts.  It is Dr. Metzker's opinion that each of the Mu-seq primers in McCarty will not anneal to the same sequence of the double stranded target nucleic acid.  Ex. 20, Metzker Opening Rep. ¶¶ 388-90; Ex. 22, Metzker Dep. Tr. 86:5-87:17; 112:1-10; 114:21-115:2; 115:21-116:6; 117:9-118:15.

14.     Defendants dispute the characterization of Dr. Metzker's reply report in Paragraph 14 of Plaintiffs' statement of allegedly undisputed facts.  The statement in this paragraph is taken out of context.  Dr. Metzker states in his reply expert report that Newton 1989 demonstrates that mismatched nucleotides on or near the 3'-end of primers increase the specificity of PCR reactions under appropriate conditions.  Ex. 34, Metzker Reply Expert Report ¶ 144.  Dr. Metzker states in his reply expert report that "Newton 1989 demonstrates internal mismatches up to seven bases from the 3'-end with improved specificity with primers having different 3'-ends."  *Id*.

15. Defendants dispute the characterization of Newton 1989 in Paragraph 15 of Plaintiffs' statement of allegedly undisputed facts. Newton 1989 states that the specific mismatch type determines whether the mismatch of a single nucleotide at the last 3' base of the primer will be refractory to extension: "C/T, A/A, and T/T mismatches (which are all purine/purine or pyrimidine/pyrimidine mismatches) are considerably more refractory to extension by Taq polymerase than G/T, T/G, A/C or C/A mispairs (all purine/pyrimidine mismatches)." Ex. 30, Newton at 2513.

16. Defendants dispute the characterization of Newton 1989, Ex. 30 in Paragraph 16 of Plaintiffs' statement of allegedly undisputed facts for the reason set out in Paragraph 6 above.

17. Defendants dispute the characterization of Newton 1989 and of Dr. Metzker's testimony in Paragraph 17 of Plaintiffs' statement of allegedly undisputed facts. Newton 1989 states in the Abstract: "The basis of the invention is that unexpectedly, oligonucleotides with a mismatched 3'-residue will not function as primers in the PCR under appropriate conditions." Ex. 30, Newton 1989, Abstract. As Dr. Metzker testified, "This is an instance where you might have a mismatch on the most 3' terminal nucleotide, and Newton is describing you can still have some amplification. This is still an undesired reaction. And the point of Newton's paper is to overcome this problem by designing mismatches upstream of the most 3' nucleotide so that you do not get extension for the incorrect primer." Ex. 22, Metzker Dep. Tr. 202:3-11.

18. Defendants dispute the characterization of Newton 1989 and of Dr. Metzker's testimony in Paragraph 18 of Plaintiffs' statement of allegedly undisputed facts for the reasons set out in Paragraphs 15-17 above.

19. Defendants dispute the characterization of Dr. Metzker's testimony in Paragraph 19 of Plaintiffs' statement of allegedly undisputed facts. As Dr. Metzker has set out in his expert

3

reports and testified at his deposition, the invalidating references, McCarty, Fraiture, APAgene Manual, Martin-Harris, and Morley, each expressly describe and present evidence of specific binding of a plurality of primers, such that each primer does not bind to the same sequence of the double stranded target nucleic acid as any other primers in the plurality. *See, e.g.*, Ex. 34, Metzker Reply Expert Report ¶¶ 140, 145, 149, 153-54, 159, 165-66; Ex. 22, Metzker Dep. Tr. 65:25-66:11; 96:2-13. Therefore, no additional experimentation by Dr. Metzker was necessary for Dr. Metzker to formulate his opinions. *See id.* On the other hand, as Dr. Metzker has stated, Plaintiffs' hypothetical analyses of primer sequences in the absence of actual experiments are unreliable and irrelevant in the face of the actual experiments set out in the references. *See id.*

20. Defendants dispute the characterization of Dr. Metzker's testimony in Paragraph 20 of Plaintiffs' statement of allegedly undisputed facts for the reasons set out above in Paragraph 19 herein.

21. Defendants dispute the characterization of Dr. Metzker's testimony in Paragraph 21 of Plaintiffs' statement of allegedly undisputed facts for the reasons set out above in Paragraph 19 herein.

22. Admitted.

23. Admitted.

24. Admitted.

25. Defendants admit that this quotation appears in the file history of the '597 patent, but dispute that this quotation represents the full context of the prosecution.

26. Defendants admit that this quotation appears in the file history of the '597 patent, but dispute that this quotation represents the full context of the prosecution.

27. Defendants admit that this quotation appears in the file history of the '597 patent, but dispute that this quotation represents the full context of the prosecution.

28. Defendants dispute Plaintiffs' characterization of what the '810 patent discloses in Paragraph 28 of Plaintiffs' statement of allegedly undisputed facts. Plaintiffs have asserted that the '810 patent claims cover QIAGEN's accused products, where the second PCR step involves two universal primers, in which each primer binds to common sequence, rather than target sequence. If the '810 patent can be read so broadly as to cover universal PCR in the second round of amplification, it anticipates the '597 patent. In such a reading, the claims themselves of the '810 patent disclose the third step of the recited method of claim 1 of the '597 patent. To the extent the '810 patent enables and sufficiently describes a method involving a second PCR step where both primers bind to universal or common sequence, it anticipates the third method step of claim 1 of the '597 patent. To the extent that Plaintiffs argue the '810 patent does not disclose the third method step of claim 1 of the '597 patent, under Plaintiffs' overbroad reading of the '810 patent claims, the '810 patent would be invalid for lack of written description.

OF COUNSEL:

David Bilsker
Andrew Naravage
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Tel:  (415) 875-6600

Anne Toker
James E. Baker
Anastasia M. Fernands
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Ave., 22nd Floor
New York, NY  10010
Tel:  (212) 849-7000

Jeffrey C. Wu
QUINN EMANUEL URQUHART & SULLIVAN LLP
60 E South Temple, Suite 500
Salt Lake City, UT 84111
Tel: (801) 515 7300

Dated:  March 29, 2021
7143520 / 45349

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  /s/ Stephanie E. O'Byrne
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Attorneys for Defendants Qiagen Sciences, LLC, Qiagen LLC f/k/a Qiagen, Inc., Qiagen Beverly LLC, f/k/a Qiagen Beverly, Inc., Qiagen Gaithersburg LLC, f/k/a Qiagen Gaithersburg, Inc., Qiagen GmbH, Qiagen N.V. and Jonathan Arnold*