

**Daniel M. Silver**
Wilmington Office Managing Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

August 18, 2021

**VIA CM/ECF**

The Honorable Maryellen Noreika
J. Caleb Bogg Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801

    Re:    *ArcherDX, LLC, et al., v. Qiagen Sciences, LLC, et al.*, C.A. No. 18-1019

Dear Judge Noreika:

I write jointly on behalf of the parties in the above-reference case in response to the Court's August 17, 2021 Order, D.I. 439 requesting the parties advise the Court of any objections to the Court's Proposed Voir Dire and two sets of Proposed Preliminary Jury Instructions.

The parties have conferred in good faith in an effort to narrow the list of potential witnesses, which appears as question 7 of the Voir Dire. The parties agree that the following individuals will not be called and may be removed from the list: Daniel Castro, Darius Fugere, Michael Hadjisavas, Matthew Johnson, James McSwiggen, Gary Nealey, and Christian LaPointe. Additionally, the parties are continuing their efforts to further reduce the number of witnesses to be called by deposition designation at trial.

Plaintiffs respectfully submit that the Voir Dire should additionally include the following question:

> Are you or is anyone in your immediate family affected by cancer such that you might have difficulty serving as a fair and impartial juror in this case involving cancer-related diagnostic products?

Plaintiffs submit that this question guards against jury nullification if there is, for example, a concern that a verdict for Plaintiffs might limit diagnostic options.

As the Court and the parties discussed at the pre-trial conference, argument or evidence about the consequence of the verdict risks unfair prejudice. This is a well-recognized concern in this type of case: "[I]t would be inappropriate to put before the jury evidence or argument about the potential impact of a verdict in favor of [plaintiff] – such as higher prices or slower medical research – as these issues are not for the jury to decide, are not relevant to any issue the jury will decide, and create an unacceptable risk of unfair prejudice (as the jury might be deterred from returning a verdict in favor of [plaintiff] even if it finds [plaintiff] has met its burden of proof)." *See* Ex. 1, *Pac. Bioscis. of Cal., Inc. v. Oxford Nanopore Techs., Inc.*, No. 17-1353-LPS, Memorandum Order, D.I. 460, 2 (D. Del. Jun. 12, 2019).

QIAGEN's argument wrongly assumes that the proposed question is overbroad and merely asks if a juror has been affected by cancer. On the contrary, the question narrowly asks whether a juror is so affected as to "have difficultly serving as a fair and impartial juror in this case." It would be risky to fail to inquire whether such a juror believes he or she cannot be fair.

QIAGEN objects to Plaintiffs' proposed additional Voir Dire question. QIAGEN submits that the question is far too broad, including, but not limited to with respect to asking about whether the potential juror or anyone in their family is "affected by cancer." QIAGEN also objects to asking the potential jurors for personal medical information in the voir dire process. QIAGEN maintains that questions concerning medical information are both unnecessary for choosing a fair and impartial jury and overly intrusive. QIAGEN believes that the question in the Court's Proposed Voir Dire that reads: "Do you have any opinions about or experience with genetic sequencing or genetic testing for the purpose of diagnosing or treating medical conditions that might make it difficult for you to be a fair and impartial juror in this case?" is sufficient to address any concern, without being overly broad or intruding into personal medical information. Further, QIAGEN notes that Plaintiffs proposed additional voir dire question is unrelated to Plaintiffs professed concern that a party may introduce argument or evidence about the consequence of the verdict.

The parties do not object to either set of Preliminary Jury Instructions.

Attached as Ex. 2 is a redline copy of the Voir Dire reflecting the foregoing proposed edits.

August 18, 2021
Page 3

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and E-Mail)

ME1 37264811v.1