# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCHERDX, LLC and THE GENERAL HOSPITAL CORPORATION d/b/a MASSACHUSETTS GENERAL HOSPITAL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 18-1019-MN ) |
| QIAGEN SCIENCES, LLC, QIAGEN LLC f/k/a QIAGEN, INC., QIAGEN BEVERLY, LLC f/k/a QIAGEN BEVERLY, INC., QIAGEN GAITHERSBURG, LLC f/k/a QIAGEN GAITHERSBURG, INC., QIAGEN GMBH, QIAGEN N.V., and JONATHAN ARNOLD, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPENING BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR JUDGMENT
AS A MATTER OF LAW PURSUANT TO FRCP 50(a)**

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | JMOL UNDER FED. R. CIV. P. 50(a) | 1 |
| III. | PLAINTIFFS ARE ENTITLED TO JMOL ON INDEFINITENESS | 2 |
| A. | Indefiniteness Is Typically A Question Of Law | 2 |
| B. | There Is Nothing For The Jury To Decide In Connection With QIAGEN's Indefiniteness Theory On The '810 Patent | 2 |
| C. | There Is Nothing For The Jury To Resolve Regarding The "first strand of the double-stranded target nucleic acid" Limitation In The Asserted Claims Of The '597 Patent | 4 |
| D. | There Is Nothing For The Jury To Resolve Regarding The "same sequence of the double stranded target nucleic acid" Limitation In Claim 1 Of The '597 Patent | 6 |
| IV. | PLAINTIFFS ARE ENTITLED TO JMOL ON ANTICIPATION AND OBVIOUSNESS | 8 |
| A. | The '810 Patent/'461 Publication Are Not Prior Art To The '597 Patent | 8 |
| B. | Anticipation Must Be Proven By Clear And Convincing Evidence, And No Reasonable Jury Could Find Any Asserted Claim Anticipated | 9 |
| C. | Obviousness Must Be Proven By Clear And Convincing Evidence, And No Reasonable Jury Could Find Any Asserted Claim Obvious | 10 |
| V. | PLAINTIFFS ARE ENTITLED TO JMOL ON WRITTEN DESCRIPTION | 11 |
| VI. | CONCLUSION | 12 |

ME1 37288042v.9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009) ........................................................8

*Barbaro Techs., LLC v. Niantic, Inc.*,
   No. 18-CV-02955-RS, 2020 WL 6749367 (N.D. Cal. Feb. 12, 2020) .................................4, 5

*Cephalon, Inc. v. Watson Pharms, Inc.*,
   No. 2011–1325, 2013 WL 538507 (Fed. Cir. Feb. 14, 2013) ..........................................3, 7, 11

*Cox Commc'ns, Inc. v. Sprint Commc'n Co.*,
   838 F.3d 1224 (Fed. Cir. 2016) ..............................................................................................4

*In re Cyclobenzaprine Hydrochloride*,
   676 F.3d 1063 (Fed. Cir. 2012) ..............................................................................................9

*Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*,
   471 F.3d 1369 (Fed. Cir. 2006) ..............................................................................................9

*Exxon Research & Eng'g Co. v. U.S.*,
   265 F.3d 1371 (Fed. Cir. 2001) ..............................................................................................2

*Hynix Semiconductor Inc. v. Rambus Inc.*,
   645 F.3d 1336 (Fed. Cir. 2011) ............................................................................................10

*Johnson v. Campbell*,
   332 F.3d 199 (3d Cir. 2003) ...................................................................................................1

*In re Katz Interactive Call Processing Patent Litig.*,
   639 F.3d 1303 (Fed. Cir. 2011) ..............................................................................................6

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
   572 U.S. 898 (2014) ...............................................................................................................2

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
   545 F.3d 1359 (Fed. Cir. 2008) ..............................................................................................8

*Nevro Corp. v. Boston Sci. Corp.*,
   955 F.3d 35 (Fed. Cir. 2020) ...............................................................................................4, 7

*New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*,
   298 F.3d 1290 (Fed. Cir. 2002) ..............................................................................................7

*Powell v. Home Depot U.S.A., Inc.*,
   663 F.3d 1221 (Fed. Cir. 2011) ..............................................................................................1

*Sanofi-Synthelabo v. Apotex, Inc.*,
    550 F.3d 1075 (Fed. Cir. 2008) ...........................................................................................8

*Scripps Clinic & Research Found. v. Genentech, Inc.*,
    927 F.2d 1565 (Fed. Cir. 1991) ...........................................................................................8

*Shum v. Intel Corp.*,
    633 F.3d 1067 (Fed. Cir. 2010) ...........................................................................................1

*Sonix Tech. Co. v. Publications Int'l, Ltd.*,
    844 F.3d 1370 (Fed. Cir. 2017) ...........................................................................................2

*Stewart v. Walbridge, Aldinger Co.*,
    882 F. Supp. 1441 (D. Del. 1995) ....................................................................................1, 2

**Statutes**

35 U.S.C. § 102 ..............................................................................................................................8

35 U.S.C. §§ 102(b)(1)(A) and 102(b)(2)(A) ................................................................................7

35 U.S.C. § 112(a) .......................................................................................................................10

**I.      INTRODUCTION**

Defendants' expert, Dr. Michael Metzker, testified before the Court and jury on August 26. Dr. Metzker's testimony was brief (approximately 25 minutes), and purported to address, *inter alia*, a mish-mash of invalidity theories. Dr. Metzker's testimony and the corresponding evidence presented is insufficient as a matter of law to satisfy Defendants' heavy burden of proving invalidity by clear and convincing evidence. Examples of the deficiencies in Defendants' invalidity theories are set forth below, and Plaintiffs reserve the right to identify and address additional shortcomings. An example of Dr. Metzker's shortcomings that plagues all of his invalidity theories is his admission on cross-examination that he did not perform an invalidity analysis as he believed the claims should be construed and applied.

Plaintiffs respectfully request that the Court enter judgment as a matter of law ("JMOL") in Plaintiffs' favor on each of Defendants' invalidity theories.

**II.     JMOL UNDER FED. R. CIV. P. 50(a)**

A motion for judgment as a matter of law under Rule 50(a) should be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). "The question is 'whether the evidence, construed in the light most favorable to the non-moving party, permits only one reasonable conclusion.'" *Shum v. Intel Corp.*, 633 F.3d 1067, 1076 (Fed. Cir. 2010) (citation omitted).

"A mere scintilla of evidence presented by [the opposing party] is not sufficient to deny a motion for judgment as a matter of law." *Stewart v. Walbridge, Aldinger Co.*, 882 F. Supp. 1441, 1443 (D. Del. 1995); *see also Johnson v. Campbell*, 332 F.3d 199, 204 (3d Cir. 2003) ("A scintilla of evidence is not enough for the verdict winner to survive a Rule 50 motion."); *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1228 (Fed. Cir. 2011) ("JMOL is appropriate when 'a

1

reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'") (citing Fed. R. Civ. P. 50(a)(1)). "The Court must determine not whether there is literally no evidence supporting the non-moving party, but whether there is evidence upon which the jury could properly find for the non-moving party." *Stewart*, 882 F. Supp. at 1443 (citing *Walter v. Holiday Inns., Inc.*, 985 F.2d 1232, 1238 (3d Cir. 1993)).

### III.  PLAINTIFFS ARE ENTITLED TO JMOL ON INDEFINITENESS

#### A.  Indefiniteness Is Typically A Question Of Law

Defendants bear the burden of proving indefiniteness by clear and convincing evidence. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 912 n.10 (2014) (citing *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011)). "In light of that presumption and the difference in posture between an applicant whose application has been rejected and a patentee with an issued patent, close questions of indefiniteness in litigation involving issued patents are properly resolved in favor of the patentee." *Exxon Research & Eng'g Co. v. U.S.*, 265 F.3d 1371, 1380 (Fed. Cir. 2001), *abrogated on different grounds by Nautilus,* 572 U.S. 898, 912 (rejecting "insolubly ambiguous" standard for indefiniteness).

Indefiniteness is a question of law, but in some particular circumstances there can be underlying questions of fact. *See, e.g.*, *Sonix Tech. Co. v. Publications Int'l, Ltd.*, 844 F.3d 1370, 1376 (Fed. Cir. 2017).

#### B.  There Is Nothing For The Jury To Decide In Connection With QIAGEN's Indefiniteness Theory On The '810 Patent

The Court rejected Defendants' indefiniteness theory for claim 16 of U.S. Patent No. 10,017,810 (the "'810 Patent") at the *Markman* stage:

> To the extent that Defendants assert that the reference to a second sequencing primer in the construction renders the claim indefinite, for a claim to be held invalid for indefiniteness, there must be clear and convincing evidence . . . At this time, the Court finds that Defendants have

2

>   not met their burden to show indefiniteness. Should there still be a disagreement regarding this claim in the future, Defendants may raise the issue later, if appropriate, after full fact and expert discovery.

D.I. 146 at 11 (citation omitted).

In the face of this Court's rejection of Defendants' legal theory, Defendants failed to present any viable *evidence* from which a reasonable jury could find in their favor on the alleged indefiniteness of the asserted claims of the '810 Patent.[1]  For example, Dr. Metzker's indefiniteness opinion on the '810 Patent is premised entirely on his assertion – and nothing more – that nothing in the '810 Patent would have informed one of ordinary skill in the art with reasonable certainly whether the "second sequencing primer" sequence in the "second target-specific primer" is the same as the "second sequencing primer" sequence in the "universal oligonucleotide tail adaptor." *See, e.g.,* DDX6.12 (sole Metzker demonstrative slide regarding the alleged indefiniteness of the '810 Patent).  This *ipse dixit* statement is not sufficient evidence to meet Defendants' burden to establish indefiniteness by clear and convincing evidence. *Cephalon, Inc. v. Watson Pharms, Inc.*, No. 2011–1325, 2013 WL 538507, at *6 (Fed. Cir. Feb. 14, 2013) (concluding that *ipse dixit* statements by an expert are insufficient to sustain an invalidity case by clear and convincing evidence).  Dr. Metzker's opinions are not supported by reliance on any evidence or an articulable rationale.

Both implicated limitations have been construed to refer to "a second sequencing primer." Accordingly, both limitations require nothing more than that **a** "second sequencing primer" be present and there is no requirement anywhere in the intrinsic record that they be the same or different vis-à-vis one another – the entire argument is a red herring.  Instead, each "second

---

[1]  The transcript from Dr. Metzker's testimony is not yet available.  Where appropriate, Plaintiffs have pointed the Court to Dr. Metzker's demonstrative exhibits, which although not evidence, reflect the sum and substance of Dr. Metzker's opinions.

3

sequencing primer" must only be different relative to the first primer. Defendants have, for example, wholly failed to carry their burden of establishing that a POSA would be unable to ascertain and understand the scope of claim 16 of the '810 Patent. To the contrary, Dr. Metzker readily understood the scope of claim 1 and was able to perform both an infringement and validity analysis, which negates his naked contention of indefiniteness. *See, e.g.,* DDX 3.26-45; DDX 6.24-48.

Even if there were a legitimate and preserved claim construction dispute as to whether the "second sequencing primer" in each of the two limitations must be the same, that dispute would *not* render the claims indefinite. *See, e.g., Nevro Corp. v. Boston Sci. Corp.*, 955 F.3d 35, 41 (Fed. Cir. 2020) ("[t]he test [for indefiniteness] is not merely whether a claim is susceptible to differing interpretations. Such a test would render nearly every claim term indefinite so long as a party could manufacture a plausible construction."). Moreover, such a decision would not matter because the accused products have the same second primer.

QIAGEN has failed to come forward with anything to justify the Court revisiting its prior conclusion. Accordingly, for at least these reasons, Plaintiffs respectfully request JMOL in their favor on indefiniteness of the asserted claims of the '810 Patent because there is nothing factual for the jury to decide that could override this Court's decision at claim construction.

    **C.**    **There Is Nothing For The Jury To Resolve Regarding The "first strand of the double-stranded target nucleic acid" Limitation In The Asserted Claims Of The '597 Patent**

Indefiniteness turns on the claim read *as a whole*, not individual claim limitations read in isolation. *See Cox Commc'ns, Inc. v. Sprint Commc'n Co.*, 838 F.3d 1224, 1232 (Fed. Cir. 2016) (explaining test for indefiniteness is "whether the 'claims,' not particular claim terms, 'read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.'") (citation omitted);

4

*see also Barbaro Techs., LLC v. Niantic, Inc.*, No. 18-CV-02955-RS, 2020 WL 6749367, at *3 (N.D. Cal. Feb. 12, 2020), *aff'd*, 852 F. App'x 544 (Fed. Cir. 2021) (finding patent challenger erred in indefiniteness analysis for not considering "the claim as a whole—as the indefiniteness standard requires").

There is only one "first strand of the double-stranded target nucleic acid" in claim 1 of U.S. Patent No. 10,450,597 (the "'597 Patent"), which is introduced in subparagraph (a) of claim 1: "contacting a first nucleic acid template comprising a sequence of **a first strand of a double target nucleic acid**…" Thus, even if a POSA were to perform step (b) first, they would be fully informed as to the content of the entire claim and able to understand exactly what "the first strand of a double target nucleic acid…" is in limitation (b). A POSA is not blinded to the language in (a) by choosing to perform step (b) first because they would read and consider "the claim as a whole." *See Barbaro Techs.,* 2020 WL 6749367, at *3.

The Court has already correctly concluded that steps (a) and (b) are "interchangeable" and can be performed in any order. D.I. 254 (*Markman* Order noting steps (a) and (b) are "interchangeable"). That conclusion is entirely consistent with the specification, which specifically discloses embodiments teaching a POSA that step (b) can be performed before step (a). *See* '597 Patent at Fig. 1A-1B (and corresponding description at col. 7, ll. 14-29 and col. 8, ll. 4-32) and Fig. 3 (and corresponding description at col. 12, ll. 53-col. 13, ll. 31); Defendants, for example, do not even contend that there is an order of steps requirement for steps (a) and (b) or dispute that there are embodiments that reflect performing step (b) before (a). Dr. Metzker failed to address this (or any) evidence. *See, e.g.*, DDX 6.86 (Dr. Metzger's sole slide on the alleged indefiniteness of the '597 Patent Claims).

The sole "evidence" presented at trial is Dr. Metzker's *ipse dixit* opinion that a POSA would be unable to understand the "first strand of the double-stranded target nucleic acid" claim term *if* limitation (b) is performed prior to limitation (a). That makes no sense – the POSA would not read and understand the claim only to forget what they knew upon deciding to perform step (b) first. Dr. Metzker's opinion is bad claim construction that would improperly nullify the sequence of step (b) before step (a) and read disclosed embodiments out of the '810 Patent, which is rarely, if ever, appropriate. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1324 (Fed. Cir. 2011) ("there is a strong presumption against a claim construction that excludes a disclosed embodiment."). Here, there is nothing more to construe.

Plaintiffs respectfully request JMOL in their favor relating to Defendants' "first strand of a double target nucleic acid…" indefiniteness theory for at least these reasons.

### D. There Is Nothing For The Jury To Resolve Regarding The "same sequence of the double stranded target nucleic acid" Limitation In Claim 1 Of The '597 Patent

Defendants' final indefiniteness contention likewise fails both as a matter of proof and law. At trial, Dr. Metzker offered nothing other than his bald assertions to support his "same sequence of the double stranded target nucleic acid" indefiniteness theory. Here again, for example, there is no factual issue to go to the jury. The language at issue is found in a negative limitation, which is shown in the context of the claim below:

> A method of preparing nucleic acids for analysis, the method compromising: (a) contacting a first nucleic acid template comprising… (b) contacting a second nucleic acid template comprising a sequence of a second strand that is complementary to the sequence of the first strand of the double-stranded target nucleic acid *with a plurality of different primers* that share a common sequence that is 5' to different hybridization sequences…wherein the different hybridization sequences have different 3' ends, and *wherein each primer of the plurality of different primers* <u>does not anneal to</u> **the same sequence of double-stranded target nucleic acid** *as any other primer of the plurality of different primers*…

'597 Patent, claim 1 (emphasis added).

Defendants provided no evidence to support their theory that a POSA would be unable to understand the scope of the claim. Step (b) first requires [1] a double-stranded target nucleic acid, [2] a plurality of primers, and [3] that the plurality of primers come into contact with the double-stranded target nucleic acid. *Id*. The negative limitation at the end of step (b) merely precludes *any* two primers in the "plurality of primers" from annealing to the same sequence of double-stranded target nucleic acid." Dr. Metzker's feigned confusion is insufficient as a matter of law to establish indefiniteness by the requisite clear and convincing evidence. *Cephalon,* 2013 WL 538507, at *6. Tellingly, Dr. Metzker was able to fully analyze claim 1 for purposes of his non-infringement and invalidity analyses. *See, e.g*., DDX 3.78-119; DDX 6.97-119. Dr. Metzker's theory is, at best, a misguided and belated claim construction argument with no support in the intrinsic record, and in any event, it fails to give rise to a viable assertion of indefiniteness. *Nevro*, 955 F.3d at 41.

\*       \*       \*

With regard to *all* of QIAGEN's indefiniteness theories, they fail for the additional reason that Dr. Metzker admitted on cross-examination that he understood the scope of the claims well enough to analyze both infringement and validity, which negates his contention that a POSA would not be able to understand the scope of the asserted claims.

Plaintiffs are entitled to judgment as a matter of law on all issues of indefiniteness for at least these reasons. To the extent QIAGEN has any other indefiniteness arguments, they have not been disclosed to Plaintiffs, are waived, and/or constitute legal issues on which Plaintiff is entitled to JMOL.

7

## IV. PLAINTIFFS ARE ENTITLED TO JMOL ON ANTICIPATION AND OBVIOUSNESS

Plaintiffs are entitled to JMOL on anticipation and obvious because no reasonable jury could find in QIAGEN's favor on these issues. Examples of Defendants' shortcomings are set forth below and include:

- For both anticipation and obvious: Dr. Metzker's failure to perform analysis as he believed the claims should be construed and applied.

- For anticipation: Dr. Metzker failed to rely on any anticipatory prior art or establish that the references relied upon – the inventors' own work – constituted prior art.

- For obviousness: Dr. Metzker failed to even mention or consider objective indicia of non-obviousness.

For these and other reasons, QIAGEN has failed to present evidence that would enable a reasonable jury to find in its favor on either anticipation or obviousness, and therefore, Plaintiffs are entitled to JMOL in their favor on these issues.

### A. The '810 Patent/'461 Publication Are Not Prior Art To The '597 Patent

"For [a] non-provisional utility application to be afforded the priority date of the provisional application, the two applications must share at least one common inventor and the written description of the provisional must adequately support the claims of the non-provisional application." *New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1294 (Fed. Cir. 2002). Plaintiffs have established that the '810 Patent/'461 Publication are disqualified as prior art under the inventor-based exceptions of 35 U.S.C. §§ 102(b)(1)(A) and 102(b)(2)(A), and Defendants have failed to offer *any* evidence to the contrary. For example, Defendants have failed to rebut that the '810 Patent/'461 Publication are disqualified as prior art. For at least these

reasons, Plaintiffs are entitled to JMOL on any theory of invalidity that hinges upon the '810 Patent/'461 Publication as prior art.

### B. Anticipation Must Be Proven By Clear And Convincing Evidence, And No Reasonable Jury Could Find Any Asserted Claim Anticipated

To show a patent is invalid as anticipated, a defendant must demonstrate, by clear and convincing evidence that "every element and limitation of the claim was previously described in a single prior art reference, either expressly or inherently, so as to place a person of ordinary skill in possession of the invention." *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1082 (Fed. Cir. 2008); *see Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008); 35 U.S.C. § 102. The anticipating reference must be enabling. *Sanofi-Synthelabo*, 550 F.3d at 1082. "There must be no difference between the claimed invention and the reference disclosure, as viewed by a person of ordinary skill in the field of the invention." *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576 (Fed. Cir. 1991), *overruled in part on other grounds by Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009). Plaintiffs are entitled to judgment as a matter of law on the issue of anticipation for at least the following reasons.

**'810 Patent**: Defendants failed to present any theory regarding anticipation of the '810 Patent at trial.

**'597 Patent**: Anticipation requires "no difference between the claimed invention and the reference disclosure[.]" *Scripps*, 927 F.2d at 1576. None of the references relied upon by Defendants anticipate the asserted claims of the '597 Patent. For example, with regard to the '810 Patent /'461 publication, in addition to not constituting prior art, they do not disclose the tail primer of step (c)(i) in '597 Patent claim 1.

The absence of evidence supporting Defendants' anticipation defense requires JMOL in Plaintiffs' favor for at least these reasons. To the extent Defendants have other theories on

9

anticipation, they have not been disclosed, are waived, and are not appropriate for resolution by the jury.

### C. Obviousness Must Be Proven By Clear And Convincing Evidence, And No Reasonable Jury Could Find Any Asserted Claim Obvious

"[A] party seeking to invalidate a patent as obvious must 'demonstrate by clear and convincing evidence that a skilled artisan would have had reason to combine the teaching of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success from doing so.'" *In re Cyclobenzaprine Hydrochloride*, 676 F.3d 1063, 1068–69 (Fed. Cir. 2012) (citation and internal quotations omitted). To establish a legally sufficient motivation to combine, Defendants must demonstrate both "a motivation to select the references and to combine them in the particular claimed manner to reach the claimed invention." *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 471 F.3d 1369, 1379 (Fed. Cir. 2006). As the examples below reflect, Defendants have failed to present sufficient evidence to support a finding of obviousness by clear and convincing evidence.

**'810 Patent**: Although Dr. Metzker has contended, for example, that Siebert or Amsterdam could be combined with one or more secondary references to render the asserted claims of the '810 Patent obvious, Defendants have failed to present sufficient evidence to permit a reasonable jury to find in their favor on obviousness. For example, Defendants have failed to present sufficient evidence of a motivation to combine or a reasonable expectation of success in combining these references.

**'597 Patent**: Defendants failed to present any theory regarding obviousness of the '597 Patent at trial.

10

Defendants' obviousness defenses suffer from a failure of proof requiring JMOL in Plaintiffs' favor. To the extent Defendants have other theories on obviousness, they have not been disclosed, are waived, and are not appropriate for resolution by the jury.

## V. PLAINTIFFS ARE ENTITLED TO JMOL ON WRITTEN DESCRIPTION

"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art . . . to make and use the same." 35 U.S.C. § 112(a). Where a defendant challenges whether a patent meets the written description requirement of 35 U.S.C. § 112(a), "[t]o overcome the presumption of validity of patents, the accused must show that the claims lack a written description by clear and convincing evidence." *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1351 (Fed. Cir. 2011). "The test under the written description requirement is 'whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.'" *Hynix Semiconductor,* 645 F.3d at 1351 (quoting *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc)).

Defendants have failed to present sufficient evidence to establish a lack of written description. For example, Dr. Metzker failed to present any evidence to support his theory that the asserted claims lack written description in the detailed specification of the '810 and '597 Patents. Instead, Dr. Metzker merely recycled arguments from other issues in a cursory attempt to present them as written description issues, such as, for example: (1) with regard to the '810 Patent, Dr. Metzker recast Defendants' repeatedly rejected claim construction argument regarding nested primers (*see, e.g.,* D.I. 146) as a written description argument but with no actual evidence or support; and (2) with regard to the '597 Patent, Dr. Metzker simply recast Defendants' non-infringement arguments – for example, that the '597 Patent refers to primers that bind to common

11

sequence as generic primers and not target-specific primers – as a written description argument without any evidence or supporting rationale.  This is more *ipse dixit*, which fails as a matter of law to meet the requisite clear and convincing evidence standard.  *Cephalon,* 2013 WL 538507, at *6.

The failure of proof supporting Defendants' written description defense requires JMOL in Plaintiffs' favor.  To the extent Defendants have other theories on written description, they have not been disclosed, are waived, and are not appropriate for resolution by the jury.

## VI.  CONCLUSION

Defendants have failed to carry their heavy burden of proving by clear and convincing evidence that the asserted claims of the patents-in-suit are invalid.  Accordingly, Plaintiffs are entitled to JMOL in their favor on all issues on invalidity.

DATED:  August 28, 2021

OF COUNSEL:

Leigh J. Martinson
Keith Toms
Jill Mello, Ph.D.
Wyley S. Proctor
Quincy L. Kayton
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
(617) 449-6500
lmartinson@mccarter.com
ktoms@mccarter.com
jmello@mccarter.com
wproctor@mccarter.com
qkayton@mccarter.com

Michael A. Albert
Eric J. Rutt

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King St., 8th Floor
Wilmington, DE  19801
(302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs*

12

WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
617.646.8240
malbert@wolfgreenfield.com
erutt@wolfgreenfield.com

*Attorneys for Plaintiffs*

Edward R. Reines
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
edward.reines@weil.com

*Attorney for Plaintiff ArcherDX, LLC*

13

ME1 37288042v.9