# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCHERDX, LLC and THE GENERAL HOSPITAL CORPORATION d/b/a MASSACHUSETTS GENERAL HOSPITAL,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>QIAGEN SCIENCES, LLC, QIAGEN LLC f/k/a QIAGEN, INC., QIAGEN BEVERLY, LLC f/k/a QIAGEN BEVERLY, INC., QIAGEN GAITHERSBURG, LLC f/k/a QIAGEN GAITHERSBURG, INC., QIAGEN GMBH, QIAGEN N.V., and JONATHAN ARNOLD,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 18-1019-MN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' SUPPLEMENT TO THEIR**
**MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50(a)**

ME1 37328674v.1

Plaintiffs respectfully supplement their request for judgment as a matter of law ("JMOL") as follows. Plaintiffs incorporate by reference D.I. 458-459 ("Plaintiffs' Original JMOL Motion").

## I. INDEFINITENESS

Defendants identified a number of indefiniteness theories in the Pretrial Order, *see* D.I. 427, Ex. 2D at ¶¶ 46-48, 58, but Dr. Metzker only purported to address three of those indefiniteness theories at trial,[1] all of which are addressed in Plaintiffs' Original JMOL Motion. In an abundance of caution, Plaintiffs respectfully move for JMOL on any remaining indefiniteness theory including, for example, Defendants' theory of indefiniteness regarding a "portion" of the second sequencing primer (D.I. 427, Ex. 2D at ¶ 48).

Defendants presented no evidence or testimony regarding this theory during trial. However, Defendants appear to believe that they have preserved and presented this theory. For example, Defendants referenced the "portion" theory with the Court:

> THE COURT: All right. Sustained. All right. We'll give you that one so you don't have to preserve it. Indefiniteness. Okay. I have asked this a bunch of times, and I assume someone has told me. But what -- for each patent, what are the bases -- what is the basis or bases for indefiniteness? '810.
>
> MR. BILSKER: *'810. The portion, what is a portion…*

August 26, 2021 Rough Trial Tr. at 1096 (emphasis added).

Plaintiffs have not located any opinion from Dr. Metzker regarding the "portion" theory in the trial record. For example, although Dr. Metzker was asked the following question and gave

---

[1] Although Dr. Metzker's *slides* addressed the "same sequence of the double stranded target nucleic acid" limitation in claim 1 of the '597 Patent, Dr. Metzker's *testimony* did not. *See* August 26, 2021 Rough Trial Transcript at 963 (discussing slide DDX6.86 and only one of the two indefiniteness theories for the '597 Patent). This is yet another reason why Plaintiffs are entitled to JMOL of no indefiniteness of the "same sequence of the double stranded target nucleic acid" limitation.

the following answer during the *non-infringement* portion of his testimony, he made no effort to connect this testimony with an opinion on indefiniteness:

> Q. What, if anything, does the '810 Patent say about how much is a portion?
>
> A. It doesn't say how much is a portion.

August 26, 2021 Rough Trial Tr. Rough Tr. at 915.

Dr. Metzker's testimony does not even attempt to address "whether a person of ordinary skill in the art would understand the term with 'reasonable certainty' in light of the claims and the specification," which is the standard for indefiniteness. *Alarm.com, Inc. v. SecureNet Techs. LLC*, 345 F. Supp. 3d 544, 550 (D. Del. 2018). Accordingly, this one line of testimony in the *infringement* portion of Dr. Metzker's presentation is irrelevant to an indefiniteness invalidity analysis and insufficient to preserve the theory.

If there were any doubt, however, the "portion" issue is a belated and waived claim construction issue, not an issue of indefiniteness. *See, e.g., Nevro Corp. v. Boston Sci. Corp.*, 955 F.3d 35, 41 (Fed. Cir. 2020) ("[t]he test [for indefiniteness] is not merely whether a claim is susceptible to differing interpretations. Such a test would render nearly every claim term indefinite so long as a party could manufacture a plausible construction.").

For at least these reasons, Plaintiffs are entitled to JMOL on Defendants' remaining indefiniteness theories, including Defendants' "portion" indefiniteness theory, as Defendants failed to present it at trial and what they did present is insufficient as matter of law.

\* \* \*

Plaintiffs are entitled to judgment as a matter of law on all issues of indefiniteness for at least these reasons and those stated in Plaintiffs' Original JMOL Motion. To the extent QIAGEN has any other indefiniteness arguments, they have not been disclosed to Plaintiffs, are waived, and/or constitute legal issues on which Plaintiffs are entitled to JMOL.

| | |
|---|---|
| DATED: August 26, 2021 | MCCARTER & ENGLISH, LLP |
| OF COUNSEL: | */s/ Daniel M. Silver* |
| | Daniel M. Silver (#4758) |
| Leigh J. Martinson | Alexandra M. Joyce (#6423) |
| Keith Toms | 405 N. King St., 8th Floor |
| Jill Mello, Ph.D. | Wilmington, DE 19801 |
| Wyley S. Proctor | (302) 984-6331 |
| Quincy L. Kayton | dsilver@mccarter.com |
| MCCARTER & ENGLISH, LLP | ajoyce@mccarter.com |
| 265 Franklin Street | |
| Boston, MA 02110 | *Attorneys for Plaintiffs* |
| (617) 449-6500 | |
| lmartinson@mccarter.com | |
| ktoms@mccarter.com | |
| jmello@mccarter.com | |
| wproctor@mccarter.com | |
| qkayton@mccarter.com | |

Michael A. Albert
Eric J. Rutt
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
617.646.8240
malbert@wolfgreenfield.com
erutt@wolfgreenfield.com

*Attorneys for Plaintiffs*

Edward R. Reines
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
edward.reines@weil.com

*Attorney for Plaintiff ArcherDX, LLC*

3

ME1 37328674v.1