IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCHERDX, LLC and THE GENERAL HOSPITAL CORPORATION d/b/a MASSACHUSETTS GENERAL HOSPITAL, <br><br>    Plaintiffs, <br><br> v. <br><br>QIAGEN SCIENCES, LLC, QIAGEN LLC f/k/a QIAGEN, INC., QIAGEN BEVERLY, LLC f/k/a QIAGEN BEVERLY, INC., QIAGEN GAITHERSBURG, LCC f/k/a QIAGEN GAITHERSBURG, INC., QIAGEN GMBH, QIAGEN N.V. and JONATHAN ARNOLD, <br><br>    Defendants. | C.A. No. 18-1019 (MN) |

## MEMORANDUM ORDER

At Wilmington, this 2nd day of August 2023;

The Court presided over a five-day jury trial from August 23, 2021 to August 27, 2021. (*See* D.I. 485, 486, 487, 488 & 489). At the end, the jury found Defendants QIAGEN Sciences, LLC, QIAGEN LLC f/k/a QIAGEN, Inc., QIAGEN Beverly, LLC f/k/a QIAGEN Beverly, Inc., QIAGEN Gaithersburg, LLC f/k/a QIAGEN Gaithersburg, Inc., QIAGEN GmbH, QIAGEN N.V. and Jonathan Arnold (collectively, "Defendants") to have willfully infringed claims of two patents of Plaintiffs ArcherDX, LLC and the General Hospital Corporation d/b/a Massachusetts General Hospital (collectively, "Plaintiffs"). (*See* D.I. 465). The jury found none of the claims invalid. (*See id.*). On September 20, 2021, the Court entered judgment on the jury verdict under Rule 58(b) of the Federal Rules of Civil Procedure. (*See* D.I. 482). On October 18, 2021, the parties filed

post-trial motions.[1]  (*See* D.I. 494 & 495).  On September 30, 2022, the Court issued an order on the post-trial motions which, among other things,[2] denied Plaintiffs' motion for an injunction with leave to renew after an evidentiary hearing.  (*See* D.I. 522).  On November 21, 2022, the parties filed a joint status report, notifying the Court that Plaintiffs sought to revise the scope of their proposed injunction.  (*See* D.I. 528).  The Court held a teleconference regarding the issues raised by the status report during which it requested Plaintiffs file a motion requesting to revise the scope.  (*See* D.I. 534 at 20:19-21:19).

Presently before the Court is Plaintiffs' Motion to Pursue Revised Proposed Permanent Injunction (D.I. 536) ("Plaintiffs' Motion").  Briefing for Plaintiffs' Motion was completed on March 15, 2023.  (*See* D.I. 537, 539 & 541).  In addition, Defendants' Motion for Leave to File a Sur-Reply in Opposition to Archer's and MGH's Motion to Pursue a Revised Permanent Injunction (D.I. 546) ("Defendants' Motion") is before the Court.  Briefing for Defendants' Motion was completed on March 27, 2023.  (*See* D.I. 546, 547 & 548).

For the reasons set forth below, Plaintiffs' Motion (D.I. 536) is DENIED and Defendants' Motion (D.I. 546) is DENIED.

---

[1]  The parties' briefing on post-trial motions was completed on December 15, 2021.  (*See* D.I. 496, 497, 500, 501, 513 & 514).

[2]  Plaintiffs moved for injunctive relief, ongoing royalties, enhanced damages, supplemental damages and pre- and post-judgment interest.  (*See* D.I. 494).  Defendants renewed their motion for judgment as a matter of law or, alternatively, moved for a new trial on infringement, invalidity and damages.  (*See* D.I. 495 & 497).  Defendants also moved for a new trial on willfulness and for remittitur.  (*See id*.).  On September 30, 2022, the Court denied Defendants' motions for judgment as a matter of law and new trial, granted Defendants' motion for remittitur, denied Plaintiffs' motion for enhanced damages, denied Plaintiffs' motion for injunction with leave to renew after an evidentiary hearing, granted-in-part Plaintiffs' motion for ongoing royalties and granted Plaintiffs' motions for supplemental damages and pre- and post-judgment interest.  (*See* D.I. 521 & 522).

**I.      BACKGROUND**

On October 18, 2021, Plaintiffs moved for a permanent injunction on infringing "products and services approved for clinical diagnosis by a regulatory authority" which they also refer to as products in the "CDx/IVD market" or sometimes just the "CDx market." (D.I. 494, D.I. 496 at 2, 4-5). Plaintiffs also moved for an ongoing royalty for "all infringing products not enjoined." (*See* D.I. 496 at 14-15).

On July 18, 2022 – while Plaintiffs' motion for injunction was pending before the Court – Invitae, Plaintiff Archer's parent company, announced that the company was undergoing a major "realignment of the full organization" which, as Plaintiffs explained, would involve the "eventual exit from the Archer distributed kits business." (D.I. 528 at 6 (quoting D.I. 528, Ex. B at 3-8)). Invitae then decided to "refocus[] its somatic oncology diagnostics business from CDx to its Personalized Cancer Medicine ("PCM") technology in laboratory developed tests." (D.I. 528 at 7). Rather than notify the Court of this change that would have arguably mooted the pending motion for injunction, Plaintiffs remained silent. On September 30, 2022, the Court issued its order on the parties' post-trial motions. (*See* D.I. 522). In relevant part, the Court denied Plaintiffs' request for an injunction on products in the CDx market with leave to renew after an evidentiary hearing due to Plaintiffs' heavy reliance on new evidence about the CDx market that had not been presented at trial. (*See* D.I. 521 at 29-30). The Court granted-in-part Plaintiffs' request for an ongoing royalty on all infringing products not enjoined.[3] (*See* D.I. 521 at 30-33 (granting

---

[3]     To clarify, as the Court's September 2022 Order (D.I. 522) denied Plaintiffs' motion for an injunction with leave to renew, the ongoing royalty was granted on all products. (*See* D.I. 521 at 30-33). Now, given that the Court will deny Plaintiffs' request to pursue a revised injunction, the ongoing royalty will remain applicable to all infringing products not enjoined, *i.e.*, all infringing products.

Plaintiffs' request for ongoing royalty but denying their request to increase the rate beyond that awarded by the jury)).

It was not until two months after that order issued, and four months after Invitae's July 2022 announcement, that the Court was notified of Plaintiffs' purported "change in circumstances." (*See* D.I. 528 (filed November 21, 2022)). That notice came in the form of a joint status report in which Plaintiffs stated that their initial proposed injunction no longer "fit[] the circumstances," and thus they sought to revise its scope[4] to cover products in the market Invitae was pivoting towards, *i.e.*, PCM products.[5] (*See* D.I. 528 at 7-8). Defendants opposed the revised scope and argued that Plaintiffs' request was "procedurally improper." (*See* D.I. 528 at 9-13). The Court agreed with Defendants that a status report was an inappropriate vehicle for such a request and thus requested Plaintiffs file a motion regarding the issue. (*See* D.I. 534 at 20:19-21:19). That motion is presently before the Court.

**II.     DISCUSSION**

Plaintiffs contend that the Court should allow them to request a new injunction because "circumstances have changed significantly" since their initial proposal. (*See* D.I. 537 at 1). Defendants oppose Plaintiffs revising the scope and argue, in part, that the request is not timely. The Court agrees with Defendants that the request is not timely and thus will deny Plaintiffs'

---

[4]     Plaintiffs have represented that the new proposed injunction overlaps with the original proposed injunction such that some products previously covered are no longer covered and some products now covered were not previously covered. (*See* D.I. 534 at 3:1-9; D.I. 537 at 6).

[5]     On October 17, 2022, the parties also submitted a joint status report stating that they had agreed that targeted discovery was necessary prior to the evidentiary hearing on the injunction and would be submitting a proposed schedule. (*See* D.I. 524). That status report failed to mention any change in circumstances or request for revised scope of the injunction.

request on those grounds alone. In addition, the Court finds that Plaintiffs' "changed circumstances" do not justify allowing them to revise their proposed injunction at this stage.

### A.     Timeliness

Defendants argue that Plaintiffs' Motion is untimely both under the 28-day deadline required for Rule 59(e) motions and under the "reasonable time" standard required for Rule 60(b)(6) motions. Plaintiffs argue that neither rule applies here and that they timely notified the Court because, although the public announcement of Invitae's realignment occurred in July 2022, the sale was not finalized until December 2022. The Court does not take a position on whether Rule 59(e) or Rule 60(b) applies here but expresses doubt that either does.[6] Regardless, the Court

---

[6]     As noted at the teleconference, the parties and the Court were unclear as to what form the motion should take. (*See, e.g.*, D.I. 534 at 10:20-15:15). The Court left that issue for the parties to address in their briefing. (*See* D.I. 534 at 21:6-19). Plaintiffs frame their Motion as a "Motion to Pursue Revised Proposed Permanent Injunction" without reference to any of the Federal Rules. (*See* D.I. 537). Defendants argue that Plaintiffs' Motion should be treated either as a motion to amend a judgment under Rule 59(e) or as a motion seeking relief from a final judgment, order or proceeding under Rule 60(b)(6). (*See* D.I. 539 at 11, 16). Defendants' Rule 60(b) argument rests on their contention that the products covered by Plaintiffs' new injunction are currently subject to the Court's ongoing royalty order; and, therefore, Plaintiffs must seek relief from that order prior to requesting the injunction. (*See id.* at 15-16). With respect to Rule 59(e), the Court takes Plaintiffs' point that their Motion does not seek to alter or amend the judgment after jury verdict as that judgment does not address injunctive relief. Further, it seems odd to frame the Motion as one meant to amend that judgment given that the change in circumstances occurred after post-trial motions were due. Although it seems more appropriate to frame Plaintiffs' Motion as one seeking to amend the Court's ongoing royalties order, the Court entered no judgment after that order. Thus, it appears unlikely that Rule 59(e) applies here. With respect to Rule 60(b), the rule applies only to final judgments, orders and proceedings. Fed. R. Civ. P. 60(b) advisory committee's note to 1946 Amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief."). Here, there is no final judgment, order or proceeding yet as the injunction issue is still pending before the Court. *See Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Even if the Court were to find that either rule applied to Plaintiffs' Motion, however, the outcome would not change. Under Rule 59(e), Plaintiffs' Motion would still be untimely (either as to the judgment after jury verdict (entered September 20, 2021) or as to the Court's ongoing royalties order (entered September 30, 2022)). With respect to Rule 60(b), Plaintiffs have

finds that given the circumstances of this case, Plaintiffs have failed to timely notify the Court of the changed circumstances. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits . . . .'" (quoting *Weiland v. Palm Beach Cnty Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015))).

Here, Plaintiffs not only waited four months to notify the Court of the change in circumstances but also did so while they had relevant motions pending. Plaintiffs' delay risked the Court issuing an injunction on products with which they would no longer be competing and has also wasted judicial and party resources. Even after the Court's order issued in September 2022, Plaintiffs' silence continued for another two months. When the issue was first brought up, it was in the form of a joint status report, in which Plaintiffs indicated they were hoping to move forward with discovery on the revised injunction absent any formal request to revise. Plaintiffs' Motion seeking to revise the scope was not filed until January 30, 2023 – roughly six months after the public announcement of Invitae's realignment plan. (*See* D.I. 537).

Plaintiffs request that the Court use the date that the sale was finalized (December 20, 2022) rather than the date of the public announcement of the realignment plan (July 18, 2022) to assess timeliness. (*See* D.I. 537 at 13). Given the circumstances, the Court sees no reason to do so. The announcement of the realignment plan was public, Plaintiffs were aware that the plan would

---

not filed their Motion within a "reasonable time" for the same reasons as those cited above. *See supra* Section II.A; *see also* Fed. R. Civ. P. 60(c). Furthermore, Plaintiffs have not met the high bar of showing that "extraordinary circumstances" exist to merit relief from judgment. *See infra* Section II.B; *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) ("[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances . . . .'").

materially impact their pending motion for an injunction, and the announcement of the plan itself was totally foreseeable by Plaintiffs.

Plaintiffs further argue that Defendants would not be prejudiced by the Court allowing Plaintiffs to propose a new injunction at this stage. As Defendants note, however, they maintain an interest in finality. *See Weber v. McGrogan*, 939 F.3d 232, 236 (3d Cir. 2019) ("The requirement of finality is often described as serving 'the important purpose of promoting efficient judicial administration.'" (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981))).

Thus, the Court finds that Plaintiffs have failed to timely notify the Court of the changed circumstances. As a result, Plaintiffs are barred from pursuing the revised injunction.

B. **Changed Circumstances**

Even setting the timeliness issue aside, the Court is not persuaded that Plaintiffs' cited "changed circumstances" serve as grounds sufficient to allow them to pursue a new injunction. Plaintiffs argue that Invitae's[7] decision to pivot its business and refocus on a different market justifies revising the proposed injunction. The Court disagrees.

Plaintiffs state that "industry factors" led to Invitae's decision to realign its business and target new areas.[8] (*See* D.I. 537 at 3). The Court finds that the company's own business decision

---

[7] Defendants also raise the argument that – in arguing for their need to request a new injunction – Plaintiffs focus primarily on Invitae's business, Invitae's change in circumstances, and the harm to Invitae. (*See* D.I. 539 at 9-10 (citing D.I. 537 at 1, 3-4)). Defendants thus argue that the proposed injunction would be improper as Plaintiffs appear to seek to enjoin activity based on harm to a third party rather than themselves. *See Voda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cir. 2008). The Court has denied Plaintiffs' Motion on other grounds so does not reach this issue.

[8] Plaintiffs suggest that Defendants' "continued infringement" was one factor that led to Invitae's decision to realign its business but cite to nothing in support of this assertion. (D.I. 537 at 3). And the July 2022 announcement appears to cite other reasons for the realignment. (*See, e.g.*, D.I. 528, Ex. B at 4 ("We will now be moving forward in selected

7

to pivot and pursue different areas of growth – even if done as a result of market changes – does not constitute "changed circumstances" that entitle it to revising its proposed injunction at this stage. *Cf. Louisville Bedding Co. v. Pillowtex Corp.*, 455 F.3d 1377, 1380 (Fed. Cir. 2006) ("Because businesses fail every day, the failure of Pillowtex in this case, even though it appeared to be highly commercially successful in 1998, is not an 'exceptional or extraordinary circumstance.'"); *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) ("[C]ourts have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions." (quoting *In re Fine Paper Antitrust Litigation*, 840 F.2d 188, 195 (3d Cir. 1988))).

Moreover, the lack of timeliness in requesting such a revision further indicates that this is not a situation in which the change in circumstances is so significant as to merit revision of the proposed injunction and further extend this litigation. Plaintiffs' parent company decided to take a risk in pivoting its business and took steps towards doing so all while the post-trial motions were still pending. Under these circumstances, the Court is not convinced that Plaintiffs' change in circumstances justifies allowing them to revise their proposed injunction.

### C.       Defendants' Motion for Leave to File a Sur-Reply

Defendants request leave to file a sur-reply in opposition to Plaintiffs' Motion. (*See* D.I. 546). Defendants wish to address the declaration of Robert Daber (D.I. 543) and arguments related to the declaration, which was submitted with Plaintiffs' reply brief (D.I. 541). The Court, however, has denied Plaintiffs' Motion on other grounds; therefore, the sur-reply would not help decide the matter at hand. Thus, the Court will deny Defendants' Motion.

---

growth areas of the market with a reformed offering that is best suited to our strengths where we can win.").

### III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion to Pursue Revised Proposed Permanent Injunction (D.I. 536) is DENIED and Defendants' Motion for Leave to File a Sur-Reply in Opposition to Archer's and MGH's Motion to Pursue a Revised Permanent Injunction (D.I. 546) is DENIED.

IT IS FURTHER ORDERED that the parties shall submit a joint proposed final judgment consistent with this Order and the Court's September 30, 2022 Order (D.I. 522) by August 7, 2023.

                                                                                      The Honorable Maryellen Noreika
                                                                                      United States District Judge