### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCHERDX, LLC and THE GENERAL HOSPITAL CORPORATION d/b/a MASSACHUSETTS GENERAL HOSPITAL,<br><br>Plaintiffs,<br><br>v.<br><br>QIAGEN SCIENCES, LLC, QIAGEN LLC f/k/a QIAGEN, INC., QIAGEN BEVERLY, LLC f/k/a QIAGEN BEVERLY, INC., QIAGEN GAITHERSBURG, LLC f/k/a QIAGEN GAITHERSBURG, INC., QIAGEN GMBH, QIAGEN N.V. and JONATHAN ARNOLD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 18-1019-MN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **FINAL JUDGMENT**

This __ day of August 2023, the Court having held a jury trial and the jury having rendered a unanimous verdict on August 27, 2021 (*see* D.I. 465), pursuant to Federal Rule of Civil Procedure 58, IT IS HEREBY ORDERED that:

1. Judgment is entered in favor of Plaintiffs ArcherDX, LLC and The General Hospital Corporation (collectively, "Plaintiffs") that Defendants Qiagen Sciences, LLC, Qiagen LLC, Qiagen Beverly, LLC, Qiagen Gaithersburg, LLC, Qiagen GmbH, and Qiagen N.V. (collectively, "Defendants") directly infringed claims 16, 17, and 19 of U.S. Patent No.

10,017,810 (the "'810 Patent")[1] and claims 1, 5, and 19 of U.S. Patent No. 10,450,597 (the "'597 Patent")[2] (collectively, the "Asserted Claims").

2. Judgment is entered in favor of Plaintiffs that Defendants induced infringement of the Asserted Claims.

3. Judgment is entered in favor of Plaintiffs that Defendants contributed to infringement of the Asserted Claims.

4. Judgment is entered in favor of Plaintiffs that Defendants have not shown invalidity for obviousness, lack of written description, or indefiniteness of the Asserted Claims of the '810 Patent, nor have Defendants shown invalidity for anticipation, lack of written description, or indefiniteness of the Asserted Claims of the '597 Patent.

5. Judgment is entered in favor of Plaintiffs and against Defendants for damages in the amount of $841,756.00 caused by Defendants' sale of RNA-related accused products to customers within the United States and in the amount of $752,006.00 caused by Defendants' sale of other accused products to customers within the United States.

6. Judgment is entered in favor of Plaintiffs and against Defendants for damages in the amount of $2,240,303.00 caused by Defendants' sale of accused products to customers outside the United States.

7. Judgment is entered in favor of Plaintiffs that Defendants' infringement was willful.

---

[1] Defendants' accused products relating to the '810 Patent are: QIAseq Targeted DNA Panels, QIAseq Targeted RNAscan Panels, QIAseq Immune Repertoire RNA Library Kits, and QIAseq Index Kits for the Illumina platform.

[2] Defendants' accused products relating to the '597 Patent are: QIAseq Targeted DNA Panels, QIAseq Targeted RNAscan Panels, QIAseq Immune Repertoire RNA Library Kits, QIAseq Index Kits for the Illumina and Ion Torrent platforms, and GeneRead QIAact Kits.

8. Judgment is entered that Defendants' willful infringement does not warrant enhanced damages.

9. Judgment is entered in favor of Plaintiffs and against Defendants and Jonathan Arnold in the amount of $100.00 on Archer's claim of breach of fiduciary duty against Jonathan Arnold (Count VII) and its claim of aiding and abetting breach of fiduciary duty as to the QIAGEN defendants (Count VIII).[3]

10. Plaintiffs' claims of trade secret misappropriation (Counts I, IV-VI), false advertising (Count III), deceptive trade practices (Count IX), and tortious interference (Count X) are dismissed as moot.

11. Defendants are ordered to pay Plaintiffs an ongoing royalty of 7% on all sales of QIAseq Targeted DNA Panels, QIAseq Targeted RNAscan Panels, QIAseq Immune Repertoire RNA Library Kits, QIAseq Index Kits for the Illumina and Ion Torrent platforms, and GeneRead QIAact Kits (the "Ongoing Royalty Products") from August 27, 2021 through the date the '597 Patent expires. Payment of the ongoing royalty shall be made 90 days from the entry of this Final Judgment, with payments made on a quarterly basis thereafter within 60 days of the end of each calendar quarter (March 31, June 30, September 30, and December 31) except as otherwise stayed through the posting of a bond on appeal. Thirty days before each payment, Defendants shall provide to Plaintiffs quarterly sales

---

[3] Judgment on Counts VII and VIII is pursuant to a Rule 68 Offer of Judgment that provided that the offer "shall not be deemed an admission (a) of liability by Defendants; (b) that Counts VII and VIII have any merit; or (c) that Archer has suffered any damages" and that the offer "shall satisfy all of Archer's claims with respect to Counts VII and VIII, including but not limited to damages of any kind, prejudgment interest, injunctive relief, costs, expenses, attorneys' fees, and any other amounts to which Archer might claim to be entitled in connection with its Counts VII and VIII in this litigation." D.I. 423-1 at 3 of 5.

information for each Ongoing Royalty Product, including the number of infringing units and corresponding revenue.

12. Judgment is entered in favor of Plaintiffs and against Defendants for supplemental damages in the amount of $308,395.00 caused by Defendants' sale of RNA-related accused products to customers within the United States, $194,690.00 caused by Defendants' sale of other accused products to customers within the United States, and $722,928.00 caused by Defendants' sale of accused products to customers outside the United States.

13. Judgement is entered in favor of Plaintiffs and against Defendants for pre-judgment interest in the amount of $98,564.00 for damages caused by Defendants' sale of accused products to customers within the United States and $126,732 for damages caused by Defendants' sale of accused products to customers outside the United States.

14. Post-judgment interest on the lost profit damages, royalty damages, and supplemental damages (which together total $5,060,078.00) began accruing on August 27, 2021, the date the jury verdict was entered (D.I. 465). Judgment is entered in favor of Plaintiffs and against Defendants for post-judgment interest, at the rate of 0.07% compounded annually, on the $5,060,078.00 award from August 27, 2021 until the judgment is paid.

15. Judgment is entered in favor of Plaintiffs and against Defendants for post-judgment interest on the pre-judgment interest award of $225,296.00, at the rate of 0.07% compounded annually from the date this Judgment is entered until the judgment is paid.

16. Judgment is entered in favor of Defendants and against Plaintiffs with respect to Plaintiffs' request for an injunction.

IT IS FURTHER ORDERED that the deadline for any party to move for costs and attorneys' fees (including under 35 U.S.C. § 285) is extended fourteen (14) days after the time for appeal has

expired or, if an appeal has been timely filed, within fourteen (14) days after issuance of the mandate from the appellate court, and no party shall file any such motion before that time.

 

                                               The Honorable Maryellen Noreika
                                               United States District Judge